ROBERTSON, HUGGINS & FINCH v. L. BAKER *et al.*

GARNISHMENT. *Chose in action. Notice. Contract. Priority.* The right of agarnisheeing creditor to a chose in action will be better than the right of a person claiming by virtue of a contract made before the existence of the chose, where the garnishment notice was served upon the debtor before he had notice of the contract.

FROM SUMNER.

Appeal in error from the Circuit Court of Sumner county. J. C. STARK, J.

MUNDAY & ELKIN for Robertson.

SEAY & BLACKMORE for Baker.

COOPER, J., delivered the opinion of the court.

By virtue of an execution issued upon a judgment in favor of the plaintiffs against J. M. Walton, a garnishment notice was served upon the defendant Baker.

The indebtedness of the garnishee to the judgment debtor being under $50, the facts stated in the answer of the garnishee were put in issue under the Code, sec. 3103. The matters in issue were tried by the court without a jury, who rendered judgment in favor of the defendant. The plaintiffs appealed in error.

The garnishment notice was served upon Baker on September 27, 1876. He was at that time indebted to the judgment debtor Walton under a contract for the tuition of his children during the term of school commencing on the first of the month of September, the tuition being payable at the end of the term. Walton was the principal of a college which he was conducting in a building rented by him from the Howard Lodge of Odd Fellows. He had first rented the building for the scholastic year commencing June, 1875, and ending June, 1876. He was to pay the lodge $300 rent for the building and grounds, and to secure the payment of the money, he was to turn over to the lodge the tuition fees arising from his local or home patronage, to be collected by the lodge. He did this by making out a list of his local patrons, with the amount chargeable to each patron set opposite to his name, and writing at the bottom and signing a transfer of the claims to the lodge. The original contract between Walton and the lodge was not in writing. About the first of September, 1876, the contract of renting was verbally renewed for another year. About the 9th of that month, the lodge, through its proper officers, applied to Walton for a list of the local patrons for that session, with the amounts charge-

able to each, but the list was not then furnished be-
cause the school had only fairly opened, and scholars
were coming in daily, and had not been classified.
The garnishment notice was served before the list was
made out. No notice had been given to Baker pre-
vious to the service of garnishment, by either Walton
or the lodge, of the terms of their contract, or of the
assignment or proposed assignment of their indebtedness
for tuition fees to the lodge, nor had he any knowl-
edge thereof.

A garnishment, under our statutes, reaches choses
in action whether due or not: Code, sec. 3097. The
indebtedness of a parent to a school teacher for the
tuition of his children by contract express or implied
is, of course, a *chose* in action. And it has long been
the settled law of this State that the assignment of a
chose in action is not complete, so as to vest the
title absolutely in the assignee until notice of the as-
signment is given to, or knowledge thereof acquired
by the debtor of the chose in action, and that a cred-
itor of the assignor who intervenes and acquires a lien
by attachment, garnishment, or other valid proceeding,
between the assignment and the notice or knowledge,
will acquire the better right to that of the assignee:
*Clodfelter* v. *Cox*, 1 Sneed, 330; *McLin* v. *Wheeler*, 5
Sneed, 687; *Penniman* v. *Smith*, 5 Lea, 130. His Honor,
the circuit judge, thought that the doctrine of *Clod-
felter* v. *Cox* did not apply, because the lodge had ac-
quired a legal right to the tuition fees by its contract
with Walton before the service of the garnishment
notice. And ingenious and elaborate arguments have

Robertson, Huggins & Finch *v.* Baker.

been submitted upon the *punctum juris* whether an expected chose in action, not in existence at the time of the making of a contract to transfer it, is the subject of a contract. But a contract to assign a chose in action when it comes into existence, or, if we can conceive of such a thing, the assignment of an expected chose in action, cannot possibly have any greater effect than the actual transfer of the same chose in action when in existence. And if the tuition fee now in controversy had actually, after it was created, been assigned by Walton to the lodge before the service of garnishment, the judgment creditor would, nevertheless, have acquired the better right under his process than the assignee, the debtor in the chose in action having, at the time of such service, no notice or knowledge of the assignment.

The judgment must be reversed, and a judgment entered in favor of the plaintiffs.